### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
### NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SUSAN K. PATRICK, MANAGING )<br>MEMBER, PATRICK COMMUNICATIONS, )<br>LLC, )<br>)<br>Respondent. ) | No. 17-cv-3649 |

### PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS

The United States of America petitions this Court for an order enforcing an Internal Revenue summons served on respondent Susan K. Patrick, Managing Member of Patrick Communications, LLC ("Patrick"), pursuant to 26 U.S.C. § 7602, and alleges as follows:

This proceeding is brought pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) to judicially enforce an administrative summons issued by the Internal Revenue Service and served upon Patrick.  This action is brought at the request and with the authorization of the Chief Counsel for the Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States under 26 U.S.C. § 7401.

### JURISDICTION & VENUE

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.§§ 1340 and 1345 and 26 U.S.C. §§ 7402(b) and 7604(a).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) and 26 U.S.C. § 7604(a), because the summoned party resides in this jurisdiction.

**PARTIES**

3. Petitioner, the United States of America, is the sovereign.

4. Respondent Susan K. Patrick, is the managing member of Patrick Communications, LLC.  Patrick resides or conducts business in Elkridge, Maryland, which is within the jurisdiction of this court.

**CLAIM FOR RELIEF**

5. To demonstrate a *prima facie* case for enforcement, the United States only need show the so-called *Powell* elements:  (1) that the summons was issued for a proper purpose; (2) that the information sought may be relevant to that purpose; (3) that the information being sought is not already in the possession of the Internal Revenue Service; and (4) that the administrative steps required by law with respect to the issuance and service of the summons have been followed.  *See United States v. Powell*, 379 U.S. 48, 57-58 (1964).  The United States may "establish its *prima facie* case by an affidavit of an agent involved in the investigation averring the *Powell* elements."  *Alphin v. United States*, 809 F.2d 236, 238 (4th Cir. 1987).

6. The IRS is conducting an examination of Continental Development, Inc., relating to transferee liability for the unpaid federal income tax of JSB Montana, Inc. and its subsidiaries (collectively, "JSB Montana") for its taxable year ended November 30, 2001.  As part of that investigation, the IRS is examining whether the transfer of assets from JSB Montana to Continental Development was voidable.  If so, Continental Development could be held liable as a transferee under 26 U.S.C. § 6901.

7. Jean A. Lane is employed as a Revenue Agent for the IRS in Small Business /Self-Employed, Exam – Midwest Area, Michigan Territory Group 9, and is authorized to issue an Internal Revenue Service summons pursuant to the authority contained in 26 U.S.C. § 7602,

and 26 C.F.R. § 301.7602-1, and IRS Delegation Order No. 25-1.  The declaration of Revenue Agent Lane ("Lane Decl." ¶ 1) attached as Exhibit 101.

8.      Revenue Agent Lane is assigned to the investigation of Continental Development for transferee liability.  (Lane Decl. ¶ 2).

9.      Patrick Communications acted as the broker for a transfer of assets from JSB Montana to Continental Development.  Thus, Patrick Communications may have information that is relevant to showing these transfers were voidable and Continental Development was liable as a transferee.  *Id*. ¶ 4.

10.     Patrick has books, papers, records, or other data in her possession, custody, or control concerning the above-described investigation of Continental Development for transferee liability.  *Id*. ¶¶ 9-10.

11.     Revenue Agent Lane issued a summons requiring Patrick to appear before her or her delegate on February 27, 2017, in Baltimore, Maryland, and to produce books, papers, records, or other data as described in the summons.  (Lane Decl. ¶ 3; Ex. 102.)  An attested copy of the summons was personally served on Patrick by Revenue Agent Mathew M. Demer, on January 31, 2017.  (Lane Decl. ¶ 5.)  The copy of the summons is attached as Exhibit 102.

12.     It is necessary to examine the books, papers, records, or other data sought by the summons in order to properly investigate Continental Development's transferee liability.  *Id.,* ¶ 4.  Specifically, Patrick acted as a broker for the sale to Continental Development.  Thus, Patrick's records may assist in establishing Continental Development's status as a transferee.

13.     On February 27, 2017, Patrick did not appear in response to the summons.  *Id.*, ¶ 7.  Patrick has also not produced the requested books and records.  *Id*

14.     Patrick's refusal to comply with the summons continues to date.  *Id.* ¶¶ 7-13.

15. The books, papers, records, or other data sought by the summons are not already in possession of the Internal Revenue Service.  *Id.* ¶ 14.

16. All administrative steps required by the Internal Revenue Code for the issuance of a summons have been taken.  *Id.* ¶ 15.

17. There is no "Justice Department referral," as that term is described in Section 7602(d)(2) of the Internal Revenue Code, in effect with respect to Continental Development or JSB Montana.  *Id.*

WHEREFORE, the petitioner respectfully prays:

A. That this Court enter an order directing the respondent, Susan K. Patrick, Managing Member, Patrick Communications, LLC, to show cause, if any, why respondent should not comply with and obey the aforementioned summons and each and every requirement thereof.

B. That this Court enter an order requiring Revenue Agent Jean A. Lane or other person designated by IRS to effectuate service of this Petition, its accompanying documents, and the Order to Show Cause under Fed. R. Civ. P. 4.1

C. That the Court enter an order directing the respondent, Susan K. Patrick, Managing Member, Patrick Communications, LLC, to obey the aforementioned summons and each and every requirement thereof by ordering the production of the books, papers, records, or other data as is required and called for by the terms of the summons before Revenue Agent Jean A. Lane or any other proper officer or employee of the Internal Revenue Service at such time and place as may be fixed by Revenue Agent Jean A. Lane, or any other proper officer or employee of the Internal Revenue Service.

D.  That the United States recover its costs in maintaining this action.

E.  That the Court grant such other and further relief as is just and proper.

Date: December 8, 2017

                    STEPHEN SCHENNING
                    Acting United States Attorney

                    DAVID A. HUBBERT
                    Deputy Assistant Attorney General
                    Tax Division

                    /s/ *Ari Kunofsky*
                    ARI D. KUNOFSKY
                    Trial Attorney, Tax Division
                    U.S. Department of Justice
                    P.O. Box 227
                    Washington, D.C.  20044
                    Telephone:  (202) 307-6528
                    Facsimile: (202) 514-6866
                    Email: Ari.D.Kunofsky@usdoj.gov

                    *Attorney for the United States of America*