IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. |
| | ) |
| SUSAN K. PATRICK, MANAGING | ) |
| MEMBER, PATRICK COMMUNICATIONS, | ) |
| LLC, | ) |
| | ) |
| Respondent. | ) |

### DECLARATION OF REVENUE AGENT JEAN A. LANE

I, Jean A. Lane, declare under penalty of perjury as follows:

1. I am a duly commissioned Revenue Agent employed in the Small Business /Self-Employed Division, Exam – Midwest Area, Michigan Territory Group 9, Internal Revenue Service.

2. In my capacity as a Revenue Agent, I am conducting an investigation into the transferee liability of Continental Development, Inc., for the unpaid tax due from JSB Montana Inc. and its subsidiaries for its taxable year ended November 30, 2001, plus interest as provided by law.

3. In furtherance of the above investigation and in accordance 26 U.S.C. § 7602, I issued an Internal Revenue Service summons on January 30, 2017, to Respondent Susan K. Patrick, in her capacity as a managing member of Patrick Communications, LLC ("Patrick"), to produce for examination books, papers, records, or other data as described in that summons. A true and correct copy of the summons is attached to this declaration as Exhibit 102.

**Government Exhibit 101**

4. Patrick Communications, LLC, acted as the broker between JSB Montana, Inc., and its subsidiaries to Continental Development, Inc. I believed Patrick Communications, LLC may have relevant information to my investigation in establishing whether Continental Development, Inc. is liable as a transferee.

5. On January 31, 2017, an attested copy of the Internal Revenue Service summons described in paragraph 3, above, was served on Patrick by personal delivery. I have been apprised of this by Revenue Agent Mathew M. Demer and it is further evidenced in the certificate of service included with the summons.

6. On January 31, 2017, I served the notice required by section 26 U.S.C. § 7609(a), on Continental Development, Inc.; CTN Missoula, Inc.; CTN Butte, Inc.; Max Media of Montana, LLC; Continental Television Network, Inc.; and W. Lawrence Patrick, by certified or registered mail, as evidenced in the certificate of service of notices on the reverse side of the summons.

7. Patrick did not produce documents or testify on February 27, 2017, which was the due date listed on the summons. (Ex. 102.)

8. On March 9, 2017, I called and left a message for Patrick following up on the summons response and asking for a call back. Patrick did not respond. On March 14, 2017, I called and left a second message for Patrick.

9. On March 15, 2017, Patrick left a message for me indicating that she had not received the March 9, 2017 message; that they had moved their office to Maryland eight years ago and purged older records, including records on their computer systems; that she had not been able to find any records for the Continental Television Network deal; that she had not been in the

Maryland office to check records in storage, but that she would be there in a couple weeks; that they had a few records in storage in Maryland so she would go through these when she got to Maryland, but that she did not think there were any records related to this transaction anywhere.

10. On March 15, 2017, I called and left a message for Patrick indicating that she needed to provide the information requested in the summons by March 31, 2017 and that if she found they did not have any records that were responsive to the summons, she needed to provide a written response to that effect by March 31, 2017.

11. Patrick failed to provide any such written or oral response by March 31, 2017.

12. As of the date of the signing of this declaration, Patrick has not provided any documents, testified, or otherwise responded to the summons.

13. The books, papers, records, or other data sought by the summons are not already in the possession of the Internal Revenue Service.

14. All administrative steps required by the Internal Revenue Code for issuance of a summons have been taken.

15. As of the date that the summons was issued and served, and as of the day I signed this declaration, no recommendation for criminal prosecution of Continental Development Inc. or JSB Montana Inc. and Subsidiaries has been made by the IRS to the United States Department of Justice. In addition, no Department of Justice referral, as described in 26 U.S.C. §7602(d), is in effect with respect to Continental Development Inc. or JSB Montana Inc. and its subsidiaries.

16. It is necessary to examine the books, papers, records, or other data sought by the summons in order to investigate the transferee liability of Continental Development, Inc. for the unpaid tax due from JSB Montana Inc. and its subsidiaries for its taxable year ended November 30, 2001, plus interest as provided by law.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __1st__ day of __December__, 2017.

Jean A. Lane

Jean A. Lane
Revenue Agent